a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| ARTHUR ASHBUOGWU, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00134-P |
|---|---|
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil Complaint (ECF No. 1) filed by *pro se* Plaintiff Arthur Ashbuogwu ("Ashbuogwu") against the United States of America. Ashbuogwu complains that his rights were violated under the "Whistleblower Act," the Civil Rights Act, and several conventions. He seeks $11,000,000.00 in damages.

Because Ashbuogwu's Complaint is frivolous and fails to state a claim for which relief can be granted, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

According to Ashbuogwu, his "chief complaint" is "prima-facie polychotomy by the Veteran's Administration to foment discrimination and deny claims of a certain class of persons." ECF No. 1-2 at 1. He alleges that the Veteran's Administration ("VA") denies "critical emergency medical care at emergency rooms of the VA facilities or cater medical care by providers attired in black on black attire (Army of the Mahdi) who perpetrate discrimination against persons who insist on allegiance to colors red white blue." ECF No. 1-2 at 1. He complains about the "wicked use of unqualified

providers from my country of origin Nigeria to act as the psychiatrist and emergency medicine provider for me during crisis at emergency room" at the VA in Texas. ECF No. 1-2 at 2.

Ashbuogwu's lengthy Complaint contains allegations about disability payments; his discharge from the Army in 2008; the poisoning of his medication by the VA pharmacy; discrimination by the Social Security Administration; wrongful certificates of commitment; discrimination by Wells Fargo Bank and the withholding of 38,494 Mexican pesos; the secreting of one of his relatives; his eviction "from the communal property" and "staging" of divorce proceedings. ECF No. 1-2 at 18-36. He alleges that the United States has been "conducting war" against him since 2008. ECF No. 1-2 at 36.

Ashbuogwu's Complaint contains nonsensical claims including: "in the name of the Government, by the government and for the interest of the government, United States, the VA forged a confederacy of veteran service groups, American Legion, elements of the Mormon Church, and Harley Davidson motorcycle clubs with actions co-ordinated and directed by a Mormon KOS-CI-USZ-KI. A KOS-CI-USZ-KI with no conquest to his name against our Kris-Kringle." ECF No. 1-2 at 34.

II. <u>Law and Analysis</u>

    A. <u>Ashbuogwu's Complaint is subject to preliminary screening.</u>

Ashbuogwu is not a prisoner; nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Apple v. Glenn*, the United States Sixth Circuit Court of Appeals

recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). This Court and other courts in the Fifth Circuit have followed suit. *Black v. Jones*, 1:19-CV-1023, 2019 WL 6353332, at *2 (W.D. La. Oct. 28, 2019), *report and recommendation adopted*, 2019 WL 6357909 (W.D. La. Nov. 26, 2019); *Deng v. Parker*, 2:18-CV-61, 2018 WL 6272460, at *1 (N.D. Tex. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018), *appeal dismissed*, 799 F. App'x 301 (5th Cir. 2020); *McLean v. Country of Mexico*, 1:19-CV-591, 2019 WL 2869579, at *1 (W.D. Tex. July 3, 2019).

### B. Ashbuogwu's Complaint is frivolous and fails to state a claim against the United States.

"In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). "'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). A waiver of the Government's sovereign immunity will be strictly construed in favor of the sovereign. *See id.*

Ashbuogwu attempts to sue the United States under § 1983 for the violation of his constitutional rights. However, the United States has not waived its sovereign

immunity for constitutional tort claims. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (a plaintiff cannot maintain a § 1983 action against the United States or its officers). Nothing in Ashbuogwu's Complaint suggests that the United States has waived sovereign immunity rendering itself amenable to suit.

Ashbuogwu also seeks to bring a claim against the United States under 15 U.S.C. § 2087. Section 2087 protects employees who refuse to participate in conduct that violates the Consumer Product Safety Improvement Act ("CPSIA"), or who furnish their employers or the government with information related to a CPSIA violation. *Wilson v. EI DuPont de Nemours & Co.*, 710 F. App'x 57 (3d Cir. 2018); *Shaw v. United States Postal Serv.*, 18-CV-651, 2018 WL 5885900, at *1 (E.D. Pa. Nov. 9, 2018). Ashbuogwu does not plead any facts that in any way relate to a consumer product safety issue, and Ashbuogwu provides no basis for a CPSIA claim. Further, complaints under this provision must be presented to the Secretary of Labor before filing civil suit. *See* 15 U.S.C. § 2087(b).

Finally, Ashbuogwu's allegations are fantastic and therefore baseless. *See Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989) (a claim is frivolous if it lacks either an arguable basis in law because it is "based on an indisputably meritless legal theory" or an arguable basis in fact because it describes "fantastic or delusional scenarios"); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (a claim is "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"); *Simmons v.*

*Payne*, 170 F. App'x 906, 907–08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional); *Marshall v. Stengel*, 3:10CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (finding allegations of conspiracy to cover up the wrongful actions of a multitude of state and federal officials, who had been targeting, terrorizing, and tormenting the plaintiff for numerous years, to be fantastic and delusional).

### III. Conclusion

Because Ashbuogwu's Complaint (ECF No. 1) is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of September 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE